IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00413-MR

| | |
|---|---|
| CHRISTOPHER CLEVON FEASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL WATTS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 10].

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was being held at the Cherokee County Detention Center in Gaffney, South Carolina.[1] Plaintiff names as the sole Defendant Michael Watts, a Gastonia Police Department detective.

---

[1] Plaintiff is presently in the custody of the South Carolina Department of Corrections for convictions including armed robbery (Spartanburg Indict. No. 19GS4202442); firearms provision (Spartanburg Indict. No. 19GS4202442A); and strong-arm robbery (Chester Indict. No. 14GS12477) all of which have a "start date" of September 13, 2016. This information was gleaned from the South Carolina Department of Corrections' website, https://public.doc.state.sc.us/scdc-public/, that was last accessed October 26, 2020. See Fed. R. Evid. 201 (addressing judicial notice). The Court notes that it ordered Plaintiff on June 8, 2020 to state whether he intends to proceed with this action because he had

Plaintiff alleges that police officers from the City of Chester, South Carolina arrested him on September 13, 2016 "based on information and an invalid arrest warrant" that they received from Defendant Watts.[2] [Doc. 1 at 3]. Plaintiff alleges that the Gaston County warrant is invalid because the magistrate judge's name is typewritten rather than signed. Plaintiff further alleges that, as a result of Defendant Watts' actions, he has been wrongfully held in various jails and detention centers for almost three years.

As relief, Plaintiff seeks an order for his immediate release, damages, Defendant Watts' penalization "to the fullest extent of the law," and a "bar on prosecution or use of any evidence taken from Plaintiff as a result of unlawful arrest." [Doc. 1 at 4].

## II. STANDARD OF REVIEW

---

failed to keep the Court apprised of his address, which is presently at the Kershaw Correctional Institution in Kershaw, South Carolina. [Doc. 6]. Although Plaintiff did not specifically respond to the June 8 Order, he did file several other documents from which the Court concludes that he has not abandoned this action. [See Docs. 7, 8, 9]. Plaintiff is cautioned that the failure to comply with Court orders or diligently prosecute this action may result in this case's dismissal.

[2] Plaintiff filed a *pro se* § 1983 action against the City of Chester police officers who allegedly executed the Gaston County arrest warrant in the United States District Court for the District of South Carolina, D.S.C. Case No. 0:18-cv-00951-JMC. The Complaint survived defendants' motion for summary judgment because there were disputed issues of material fact. However, the case was dismissed with prejudice on January 24, 2020 on the parties' stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [D.S.C. Case No. 0:18-cv-00951-JMC Doc. 94].

2

Case 3:19-cv-00413-MR   Document 11   Filed 11/04/20   Page 2 of 9

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV; see generally Graham v. Connor, 490 U.S. 386, 396 (1989). "[F]alse arrest and false imprisonment claims … are essentially claims alleging seizure of the person in violation of the Fourth Amendment." Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); see Wallace v. Kato, 549 U.S. 384, 387-88 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter"). Probable cause is necessary for an arrest to be lawful. Henderson v. Simms, 223 F.3d 267, 272 (4th Cir. 2000); see also Draper v. United States, 358 U.S. 307, 310-11 (1959). However, there is no requirement in the text of the Fourth Amendment that requires that a judicial official must sign a warrant for it to be valid. See generally U.S. Const. IV; United States v. Lipford, 203 F.3d 259 (4th Cir. 2000) (a technical violation of Rule 41(d) regarding a search warrant's signature did not rise to the level of a Fourth Amendment violation).

Plaintiff alleges that Defendant Watts violated the Fourth Amendment by providing South Carolina law enforcement officers with "information" and an invalid arrest warrant.[3] [Doc. 1 at 3]. Plaintiff fails to identify the information that Defendant Watts allegedly provided South Carolina officers or explain how that information violated his constitutional rights. Further, Plaintiff fails to allege that there was no probable cause to support his arrest. See, e.g., United States v. Lipford, 203 F.3d 259 (4th Cir. 2000) (rejecting criminal defendant's argument that the lack of a magistrate's signature on defendant's copy of the search warrant was an independent constitutional violation; it was, at most, a technical violation of Rule 41(d) and not a violation of the Fourth Amendment); Creech v. Pater, 701 F. App'x 456 (6th Cir. 2017) (dismissing § 1983 suit against detective who failed to disclose a signature error on a search warrant that led to plaintiff's arrest because, even if the detective violated state law procedural requirements, no Fourth Amendment violation occurred). At most, Plaintiff has alleged a violation of the North Carolina law[4], which does not rise to the level of a federal constitutional violation. See, e.g., Jilani v. Freeman, 2020 WL 417481 (E.D.N.C. Jan. 24,

---

[3] The South Carolina District Court noted that it was unclear whether Plaintiff was arrested on the North Carolina warrant or on some other basis. [See D.S.C. Case No. 0:18-cv-000951-JMC, Doc. 81].

[4] See N.C. Gen. Stat. § 15A-301(a)(2) ("Criminal process, other than a citation, must be signed and dated by the justice, judge, magistrate, or clerk who issues it….").

5

2020) (granting summary judgment on plaintiff's § 1983 claim that his arrest warrant was invalid because the magistrate judge's name was typed, even if this violated state law, it was not a constitutional violation). Plaintiff has failed to plausibly allege that Defendant Watts violated his Fourth Amendment rights in any way, and therefore, this claim is dismissed.

Plaintiff's request for immediate release is not cognizable under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[5]  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994) (stating that damages are recoverable only for an "actual, compensable injury," which "does *not* encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned)").

Plaintiff's request that this Court block any future prosecutions and use of the evidence resulting from his arrest also fails to state a § 1983 claim. A litigant may generally seek prospective injunctive relief for a deprivation of federal rights under § 1983 when a genuine threat of state prosecution exists.

---

[5] A habeas corpus petition must be filed in a separate civil proceeding in the appropriate jurisdiction, subject to all procedural and timeliness requirements. See generally 28 U.S.C. § 2241, 2254.

6

See generally Wooley v. Maynard, 430 U.S. 705, 710 (1977). However, federal courts have power to decide only actual cases or controversies. U.S. Const. Art. III, § 2.

Plaintiff does not allege that he is in real and immediate danger of sustaining any direct injury with regards to Defendant Watts' alleged actions. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("Abstract injury is not enough" to establish that a case or controversy exists); Younger v. Harris, 401 U.S. 37, 42 (1971) ("A federal lawsuit to stop a prosecution in a state court is a serious matter. And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases."). Plaintiff's suggestion that evidence seized at the time of his 2016 arrest may be used in some hypothetical future prosecution fails to demonstrate that a live case or controversy exists. See, e.g., Doe v. Duling, 782 F.2d 1202 (4th Cir. 1986) (unmarried adults who sought to challenge Virginia's fornication and cohabitation statutes lacked standing because they faced "only the most theoretical threat of prosecution" and their subjective fear of prosecution did not establish an objective threat). This claim is also too vague and conclusory to proceed in that Plaintiff does not identify allege what, if any, evidence seized at the time of his arrest in

South Carolina was attributable Defendant Watts' actions. Therefore, Plaintiff's claim for prospective relief is dismissed.

Finally, to the extent that Plaintiff intended to raise claims under state law, the Court declines to exercise supplemental jurisdiction at this time because no federal claim has passed initial review. See 28 U.S.C. § 1367(c)(3); Artis v. D.C., 138 S.Ct. 594, 597–98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims"). Therefore, assuming that Plaintiff has attempted to assert state law claims, they are dismissed.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order

and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED.**

Signed: November 3, 2020

Martin Reidinger
Chief United States District Judge